13-385-cr(L)
United States v. Bunn

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand thirteen.

PRESENT:  REENA RAGGI,
                       CHRISTOPHER F. DRONEY,
                                  *Circuit Judges*,
                       JOHN F. KEENAN,
                                  *District Judge*.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                       *Appellee*,

                v.

                                                                        Nos. 13-385-cr
                                                                        13-660(con)

CHRISTOPHER BUNN,
                       *Defendant-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:      CASPER F. EWIG, ESQ., New York, New York.

APPEARING FOR APPELLEE:       JASON WONG (Jennifer G. Rodgers, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the

---

* Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

Southern District of New York, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 25, 2013, is AFFIRMED.

Christopher Bunn was convicted in 2004 after trial of wire fraud conspiracy and two counts of substantive wire fraud, see 18 U.S.C. §§ 371, 1343, for which he was sentenced to 96 months' imprisonment and three years' supervised release. Bunn now appeals from a judgment finding him to have violated his supervised release by committing state crimes. He argues that the district court lacked jurisdiction to enter the challenged judgment because no warrant or summons issued before the expiration of his supervision on May 10, 2012. See 18 U.S.C. § 3583(i) (recognizing power of court to revoke supervised release after expiration of term if, before expiration, "a warrant or summons has been issued on the basis of an allegation of such a violation"). We review this jurisdictional challenge de novo, see United States v. Spencer, 640 F.3d 513, 518 (2d Cir. 2011), assuming the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    The April 6, 2012 Order Issued a Summons

Bunn submits that the April 6, 2012 order of the district court directing him to

appear on April 9, 2012, was not a summons establishing jurisdiction under 18 U.S.C. § 3583(i), but only an order for the issuance of a summons. The argument is belied by both the law and the facts. A "summons" is generally understood to be the process for requiring a defendant to appear and answer in an action. See Black's Law Dictionary 1450 (7th ed. 1999). Section 3583(i) itself prescribes no particular requirements for the issuance of a summons except to require that it be issued "on the basis of an allegation of [a supervised release] violation." 18 U.S.C. § 3583(i). The April 6, 2012 order, entitled "Judicial Response," satisfied this statutory requirement in that it was issued on the basis of detailed allegations by a United States Probation officer that Bunn had violated his supervision in Queens, New York, on October 31, 2011, by committing various New York state crimes, specifically, grand larceny, possession of stolen property, and falsification of business records. See N.Y. Penal Law §§ 155.35, 165.50, 175.10.

Rule 32.1 of the Federal Rules of Criminal Procedure, which governs supervision violation proceedings, imposes no further requirements for the issuance of a summons. To the extent Fed. R. Crim. P. 4 and 9 do specify requirements for the issuance of warrants and summonses on the basis of complaints and indictments, these rules do not apply here. See generally United States v. Basso, 632 F.2d 1007, 1014 (2d Cir. 1980) (noting "somewhat looser requirements" for arrest warrants for violation of probation). We nevertheless note that to the extent a summons issued in the circumstances of these rules must state the defendant's name, describe the offense charged, require the defendant's appearance before the court at a stated time and place, and be signed by a

3

judge, see Fed. R. Crim. P. 4(b), 9(b), the April 6, 2012 order effectively satisfied these requirements. The order was signed by Judge Barbara Jones, to whom this case was originally assigned. While it ordered "[t]he issuance of a summons," it then effected that summons by stating that "Bunn is directed to appear" on "April 9, 2012," at "2:30" in "Courtroom 17C" of the United States District Court for the Southern District of New York.

Although the order did not, on its face, state Bunn's full name or the violation charges, that information was detailed in the accompanying petition, which appears to have been treated as integral to the order. Indeed, when Bunn's attorney was advised by email that Judge Jones had signed the April 6, 2012 order, he was provided not only with an unsigned copy of the order containing the appearance requirements, but also with the Violation Petition. While Bunn contends that he was informed of the April 9, 2012 proceedings by his Probation officer, he admits to being advised that they were "concerning the State arrest." Appellant's Br. 7 n.5. Thus, there can be no question that Bunn and his attorney understood that a summons had thus been issued; they appeared as directed on April 9, 2012. Further, on that date, Judge Jones confirmed on the record that she had indeed signed the April 6, 2012 order of which Bunn and his attorney had received an unsigned copy, and a copy of the Violation Petition was again provided.[1]

---

[1] We further note that the court's interpretation of its own order is entitled to deference. See United States v. Spallone, 399 F.3d 415, 423 (2d Cir. 2005) ("When an issuing judge interprets his own orders, we accord substantial deference to the draftsman, and we will not reverse the judge's construction of an ambiguity in his own words except for abuse of

4

From these facts, as well as the relevant law specifying minimal requirements for the issuance of a summons to answer supervised release violation charges, we easily conclude that a summons was issued for Bunn's appearance in April 2012, well before the expiration of his supervision on May 10, 2012. Thus, the district court had jurisdiction to enter the challenged judgment even after expiration of supervision.

United States v. Janvier, 599 F.3d 264 (2d Cir. 2010) warrants no different conclusion. There the district court, using a form not dissimilar to the one here at issue, checked a box ordering the issuance of a warrant for a defendant alleged to have violated supervision. But in Janvier no supplemental information was added to the form that allowed it to be construed as a warrant, in sharp contrast to this case where it was the additional information that effectively transformed the form into a summons. See id. at 268 (noting that court order, "[b]y its own terms, does not issue a warrant; it directs someone else to issue one"). Moreover, there is no suggestion in Janvier that anyone construed the court's form order as a warrant. Indeed, in Janvier, a warrant issued two days after the court's order, which although a brief interval, was one in which the defendant's term of supervision expired. By contrast, here, the court, the Probation Department, defendant, and his attorney all appear to have treated the court order as a

discretion."). At a November 13, 2012 conference, after Bunn challenged the district court's jurisdiction, although unsure whether additional steps beyond her signature were required for the summons technically to issue, Judge Jones confirmed that she had intended her April 6, 2012 order to constitute a summons. We identify no abuse of discretion in this interpretation.

5

summons requiring Bunn to appear on the date specified, and not simply as a directive for the Clerk of Court to issue a summons.

Nor is this case akin to United States v. Crusco, No. 90 CR 945 JES, 2000 WL 776906 (S.D.N.Y. June 15, 2000), an unreported district court case on which Bunn also relies. There, not only is it unclear from the decision whether the order at issue included any directive for the defendant to appear on a particular date at a specific time and location, but also the decision suggests that no attempt was made to assert jurisdiction over the person of the defendant until after expiration of the supervised release term. Here the order contains a clear directive to appear, and Bunn did so before his supervision term expired.

In sum, we here conclude that on April 6, 2012, the district court issued a summons, not simply an order to issue a summons, affording it jurisdiction to enter the challenged order even after the May 10, 2012 expiration of Bunn's term of supervision.

2.      Section 3583(i) Jurisdiction Does Not Require Docketing of the Summons

Bunn argues that even if the April 6, 2012 order is construed as a summons, it was not "issued" because the signed order was not docketed. The argument fails on the merits because Bunn points to nothing in § 3583(i), or any other statute or rule, that conditions issuance of a summons on its being docketed. In Janvier, in discussing warrants, we observed two means of issuance. A judge could sign an order for the issuance of a warrant, in which case a probation officer could bring the order to the Clerk's office, which would execute it by issuing a warrant. See 599 F.3d at 268. Alternatively, the

6

judge could himself sign "a form warrant or summons," which <u>Janvier</u> recognized as "a common practice." <u>Id.</u> Nowhere did <u>Janvier</u> suggest that, in the latter circumstance, the warrant did not "issue" until it was docketed with the Clerk of Court. A summons, like a warrant, issues when signed by a court. Such issuance (based on allegations of a supervision violation) being all that is required by § 3583(i), we decline to impose an added condition for the exercise of jurisdiction not required by Congress.

3.      <u>The Hearing Commenced Before the End of the Period of Supervised Release</u>

Further reinforcing our rejection of Bunn's jurisdictional challenge is the fact that he appeared before the district court on the claimed supervised release violations before expiration of the supervised release period. The purpose of a summons is to provide the defendant with notice that he must appear before the court at a specified date and time. Once Bunn appeared before the district court in the supervised release violation proceedings on April 9, there was no practical need to issue him an <u>additional</u> summons ordering him to attend on that same day. Instead, the violation of supervised release hearing began, with the record reflecting both a thorough discussion of Bunn's alleged violations of supervision and the Assistant U.S. Attorney's statement that the hearing was Bunn's "initial appearance on these charges." April 9, 2012 Tr. 2, A. 44. Indeed, Bunn's attorney confirmed to the court that Bunn was aware that state charges stemming from the supervision violation conduct identified in the petition were pending against him in state court. The parties then agreed to adjourn the supervised release hearing until the state court proceedings concluded, as is typical in such proceedings. In sum, the actual

7

commencement of a violation hearing on April 9, before expiration of the supervised release period, only reinforces our conclusion that jurisdiction is established under 18 U.S.C. §3583(i), because the April 6 order qualifies as a summons and the hearing in fact commenced during the period of supervised release.

We have considered Bunn's remaining arguments on appeal and conclude that they are without merit. Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court